# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §     CRIMINAL NO. 1:09CR1 LG-JMR |
| | § |
| SOUFIANE EL ARCHI | § |

## ORDER DENYING MOTION FOR PRODUCTION OF TRANSCRIPTS

BEFORE THE COURT is Defendant El Archi's Motion for the Production of Transcripts [21], in which he requests transcripts of his guilty plea and sentencing hearings, at taxpayer expense. He asserts that the transcripts are necessary "in order to prepare his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255."

The Supreme Court has held that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *United States v. MacCollom*, 426 U.S. 317, 321 (1976). Accordingly, an indigent litigant must demonstrate a particularized need for the transcript. *Id*. at 323-330. A transcript will not be provided where a defendant asserts he needs the transcript to formulate a claim or to review for possible claims. *Hines v. Baker*, 422 F. 2d 1002, 1007 (10th Cir. 1970). A defendant cannot conduct a "fishing expedition" to find something that may support a Section 2255 motion. *United States v. Caravajal*, 989 F.2d 170 (5th Cir. 1993). El Archi has not met his burden of showing that he has a particularized need for the transcripts requested. It appears instead that he wishes to use the transcripts to review for possible § 2255 claims. Accordingly, his motion for transcripts at taxpayer expense will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's Motion for

the Production of Transcripts [21] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of February, 2010.

                                              s/ *Louis Guirola, Jr.*
                                              LOUIS GUIROLA, JR.
                                              UNITED STATES DISTRICT JUDGE